# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

YESOD DEVELOPMENT, LLC,

    Plaintiff,

v.

EARL GOLDBERG,

    Defendant.

Case No. 15 CV 07327

## **PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT**

Plaintiff, Yesod Development, LLC, a Delaware limited liability company ("Yesod" or "Yesod Development"), by its attorneys, pursuant to Fed.R.Civ.P. 58, hereby moves for entry of final judgment against Earl Goldberg ("Goldberg"), and in support states as follows:

    1.    On August 24, 2016, this Court granted summary judgment in favor of Yesod and against Goldberg. (Doc. 37.) The Court's minute order did not specify a dollar amount of the judgment.

    2.    Fed.R.Civ.P. 58 (a) requires entry of judgment in a separate document. Subsection (d) of that rule provides that Yesod may request that the judgment be set forth in a separate document.

    3.    Attached hereto as Exhibit A is the proposed judgment to be entered by the Court. In addition, attached hereto as Exhibit B is the form of the proposed judgment to be entered by the Clerk, which is being submitted for the Court's approval pursuant to Fed.R.Civ.P. 58 (b)(2).

4. The calculation of interest had been previously set forth in the Plaintiff's statement of facts was as follows:

> Under the terms of the Goldberg Note, interest accrued during the first quarter of 2012 in the amount of $500 and thereafter at the default rate of 9% per annum. Default interest from April 1, 2012 through December 31, 2012 was $6,750 and thereafter $9,000 per year. Interest accrued as of March 30, 2016 was $36,500 and the per diem thereafter is $24.66 per day. (Benjamin Aff. ¶ 8.) In addition, under the terms of the Goldberg Note, Yesod Development is entitled to collect its attorney's fees and costs. (App. Tab 13.)

Doc. 23, ¶ 26. Goldberg made no objection to the foregoing other than as follows: "Denied. No amount is due under the note because it was fraudulently induced through Yesod's misrepresentations." Doc. 26, ¶ 26. Because Goldberg made no objection to the method of calculation, it is deemed admitted.

5. From and after March 30, 2016, there were at least 143 days (actually y a few more but they are disregarded), and 143 x 24.66 is $3,526.38. Accordingly, the interest accrued through August 24, 2016 in the amount of $40,026.38.

6. Under the Note, Yesod is also entitled to attorney's fees and costs.

WHEREFORE, Plaintiff, Yesod Development, LLC, respectfully requests this Court grant its motion and enter final judgment in the form attached as Exhibit A and direct the Clerk to enter judgment in the form attached as Exhibit B, and such other relief as is just.

Dated: August 26, 2016

Respectfully submitted,

YESOD DEVELOPMENT, LLC,

/s/ Lawrence M. Benjamin
By: Its Attorney
Lawrence M. Benjamin (#6196417)
NEAL, GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 1700
Chicago, IL 60602
(312) 269-8000 Phone
(312) 269-1747 Facsimile

Lawrence M. Benjamin (#6196417)
NEAL, GERBER & EISENBERG LLP
2 North LaSalle Street
Suite 1700
Chicago, Illinois 60602
(312) 269-8000

# CERTIFICATE OF SERVICE

Lawrence M. Benjamin, an attorney, hereby certifies that he caused a copy of PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT to be served via electronic filing using the United States District Court for the Northern District of Illinois CM/ECF system which sent notification of such filing on the 26th day of August, 2016 on:

> Peter Ordower, Esq.
> Gaines & Puljic, Ltd. (Of Counsel)
> 10 S. LaSalle Street
> Suite 3500
> Chicago, Illinois 60603

      /s/ Lawrence M. Benjamin